IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MAYOLA DAVIS,

       Plaintiff,

vs.                                                No. 11-2304-STA-dkv

INGERSOLL RAND,

       Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION
ORDER VACATING DISMISSAL ORDER AND JUDGMENT
AND
ORDER EXTENDING TIME FOR PAYMENT OF CIVIL FILING FEE

On April 19, 2011, Plaintiff Mayola Davis, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by motions seeking leave to proceed in forma pauperis and appointment of counsel. (ECF Nos. 1, 2 & 3.) The Court issued an order on April 21, 2011, denying leave to proceed in forma pauperis and directing Plaintiff to pay the civil filing fee within thirty (30) days. (ECF No. 4.) Because it appeared that Plaintiff had not paid the filing fee, the action was dismissed without prejudice on June 30, 2011. (ECF No. 5.) Judgment was entered on July 6, 2011. (ECF No. 6.)

On July 13, 2011, Plaintiff filed a Motion for Reconsideration in which she stated that the did not receive the April 21, 2011, order because it had been intercepted by someone

else. (ECF No. 8.) This motion is properly construed as seeking relief from judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

"To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" Betts v. Costco Wholesale Corp., 558 F.3d 461, 474 (6th Cir. 2009) (quoting Henderson v. Walled Lake Consol. Schs., 469 F.3d 479, 496 (6th Cir. 2006)). The Sixth Circuit has repeatedly held that

> Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59(e) allows for reconsideration; it does not permit parties to effectively "re-argue a case." Sault Ste. Marie Tribe, 146 F.3d at 374.

Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008).

In this case, Plaintiff argues that it would be manifestly unjust to dismiss the case for failure to pay the filing fee when she would have paid the fee had she received the April 21, 2011, order. For good cause shown, the Court GRANTS Plaintiff's motion for reconsideration. The dismissal order (ECF No. 5) and judgment (ECF No. 6) are VACATED. Plaintiff is ORDERED to pay the

civil filing fee within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED this 8th day of November, 2011.


                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    UNITED STATES DISTRICT JUDGE